[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 07, 2011
JOHN LEY
CLERK

No. 11-10978
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-02355-CAP

WEKESA O. MADZIMOYO,

Plaintiff-Appellant,

versus

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
f.k.a. The Bank of New York Trust Company, N.A.,
JP MORGAN CHASE BANK, N.A.,
GMAC MORTGAGE, LLC,
MCCURDY & CANDLER, LLC,
ANTHONY DEMARLO, Attorney,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 7, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Wekesa Madzimoyo, proceeding *pro se*, appeals the district court's judgment on the pleadings in favor of the defendants. Because we conclude that the district court lacked removal jurisdiction, we vacate and remand.

In July 2009, Madzimoyo filed an emergency petition in state court seeking a temporary restraining order (TRO) to stop foreclosure proceedings on his home by defendants Bank of New York Mellon Trust Company, JP Morgan Chase Bank, McCurdy & Candler, and attorney Anthony DeMarlo. According to the petition, none of the defendants was the original lender and there was no evidence that the original lender had transferred its rights to any defendant. In support of his petition, Madzimoyo submitted correspondence sent to the defendants in which he sought to verify their rights over the mortgage. Some of the correspondence referenced the Fair Debt Collection Practice Act (FDCPA) and Regulation Z, the Truth-in-Lending regulations. The state court issued the TRO and scheduled a hearing on the petition to stop the foreclosure.

The day before the scheduled hearing in state court, the defendants removed the petition to federal district court in the Northern District of Georgia, asserting federal-question jurisdiction because Madzimoyo had alleged violations of the FDCPA and Regulation Z. Madzimoyo moved to remand to state court, disputing

2

that he raised any basis for federal jurisdiction.

The magistrate judge denied the motion to remand, finding that Madzimoyo's petition raised federal questions under the FDCPA and Regulation Z. The defendants then moved for judgment on the pleadings. In a brief in support of the motion, the defendants argued that the FDCPA and Regulation Z claims failed because Madzimoyo had not alleged any violation of these statutes.

The magistrate judge recommended that the motion for judgment on the pleadings be granted. The district court adopted the recommendation, over Madzimoyo's objections, and granted judgment on the pleadings. This appeal followed.

On appeal, both parties address the merits of the order granting judgment on the pleadings, and there is no discussion of the district court's jurisdiction over Madzimoyo's action. Nevertheless, we are "obliged to notice any lack of jurisdiction regardless of whether the question is raised by the parties themselves." *Edge v. Sumter Cnty. Sch. Dist.*, 775 F.2d 1509, 1513 (11th Cir. 1985).

We review questions of subject-matter jurisdiction *de novo*. *Romero v. Drummond Co.,* 552 F.3d 1303, 1313 (11th Cir. 2008). We consider *sua sponte* whether the district court had removal jurisdiction. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1280 (11th Cir. 2005).

Under the removal statute:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). In other words, to be removable on federal-question jurisdiction grounds, the case must arise under federal law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986). The "well-pleaded complaint" rule instructs that a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. *Id*. at 808; *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 11 (1983)).

A federal question is presented by the complaint when the suit relies on a federal cause of action or where "the vindication of a right under state law necessarily turned on some construction of federal law." *See Merrell Dow*, 478 U.S. at 808. Under this latter analysis, federal question jurisdiction should be narrowly construed. *See id.* at 810-14. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," even where the interpretation of federal law may constitute an element of the state

4

cause of action. *Id*. at 813. More recently, the Supreme Court fashioned another test for deciding whether federal courts should exercise federal question jurisdiction over removed state court proceedings: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp*, 109 F.3d at 712.

Upon review of the record, we conclude that the district court should not have exercised federal-question jurisdiction upon the removal of this case. Although Madzimoyo's petition referenced federal laws in passing, none of his causes of action relied on even the interpretation of federal law. Rather, Madzimoyo merely asserted that he requested his loan information from the mortgage companies in accordance with federal law to show that he had acted diligently and merited state relief. Accordingly, we vacate the judgment of the district court and remand with instructions that the district court remand the proceeding to the state court.

**VACATED AND REMANDED.**